**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Ricardo Jimenez and Enemid Jimenez

            CHAPTER  7
            CASE NO.  6:14-bk-00346-CCJ

  Debtors

_____/

**RESPONSE BY SUNTRUST BANK, N.A. TO DEBTORS' MOTION TO STRIP MORTGAGE LIEN ON REAL PROPERTY (DE#12)**

  SUNTRUST BANK, N.A. ("Creditor"), responds to the Motion to Strip Mortgage Lien On Real Property (DE#12) filed by the Debtor[1] and states as follows:

  1. Creditor's claim is partially or wholly secured. As such, the Debtor is prohibited from modifying Creditor's claim in any manner because of the existence of existing equity in the Debtor's home that secures the claim. In re Tanner, 217 F.3d 1357 (11th Cir. 2000) (no modification of any claim that is secured by any amount of collateral in the Debtor's residence); In re Dickerson, 222 F.3d 924 (11th Cir. 2000).

  2. Creditor demands proof of the balance of the First Mortgage as of the date of the filing of this Chapter 7 bankruptcy case.

  3. Creditor also reserves the right to argue that the Debtors do not have standing to proceed with a Chapter 7 Lien Strip Motion, notwithstanding the McNeal case which is presently subject to a motion for rehearing, en banc. Creditor is aware of the 11th Circuit's decision in the Folendore case which forms the structural basis for the McNeal opinion. Creditor argues that the reasoning of the Supreme Court case of Dewsnup v. Timm, 502 U.S. 410 (1992) prevents a Bankruptcy Court from lien stripping in a Chapter 7 case and serves to overrule the Folendore case and prevent the Bankruptcy Court from relying on the Foldendore reasoning to lien strip in this case. Rather, the Debtor in this case would need to show that there is a statutory justification in the Bankruptcy Code permitting lien stripping in a Chapter 7 case in light of the Dewsnup

---

[1] All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

decision and Creditor suggests that the Debtor can not do so.

4.   Debtor's Motion should be denied.

WHEREFORE, Creditor requests that the Court enter an Order denying the Debtor's Motion.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmariani@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on March 6, 2014, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to:  Ricardo Jimenez and Enemid Jimenez, 306 Havelock Street , Orlando, FL 32824; L William, III Porter2601 Technology Drive , Orlando, FL 32804; Dennis Kennedy, Trustee, P.O. Box 541848, Merritt Island, FL 32954.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

1445808/nmn